UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN T. CHESSANI, | No. 2:20-cv-0082 DB |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues that the Administrative Law Judge's treatment of the medical opinion evidence, finding that there were a significant number of jobs that plaintiff could perform, and subsequent finding that plaintiff was disabled constituted error.

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

////

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 16.)

1

## PROCEDURAL BACKGROUND

On July 22, 2003, plaintiff was found to be disabled as of July 1, 2002, and entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act.  (Transcript ("Tr.") at 118.)  However, on August 7, 2015, it was determined that plaintiff was no longer disabled.  (Id. at 122-23.)  This determination was upheld upon reconsideration.  (Id. at 135-143.)

Thereafter, plaintiff requested a hearing and a hearing was held before an Administrative Law Judge ("ALJ") on May 24, 2018.  (Id. at 40-105.)  Plaintiff was represented by counsel and testified at the administrative hearing.  (Id. at 40-44.)  In a decision issued on July 20, 2018, the ALJ found that plaintiff's disability ended on May 2, 2017.  (Id. at 32.)  The ALJ entered the following findings:

> 1. The most recent favorable medical decision finding that the claimant continued to be disabled is the determination dated April 15, 2005.  This is known as the "comparison point decision" or CPD.
>
> 2. At the time of the CPD, the claimant had the following medically determinable impairments: graft vs. host disease (GVHD); aplastic anemia; and status post bone marrow transplant.  These impairments were found to meet section(s) 7.18 of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 416.920(d)).
>
> 3. Through the date of this decision, the claimant has not engaged in substantial gainful activity.  (20 CFR 404.1594(f)(1)).
>
> 4. The medical evidence establishes that, as of May 2, 2017, the claimant had the following medically determinable impairments: GVDH; status post bone marrow transplant; thyroid cancer; and aplastic anemia.  These are the claimant's current impairments.
>
> 5. Since May 2, 2017, the claimant has not had an impairment or combination of impairments which meets or medically equals the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).
>
> 6. Medical improvement occurred on May 2, 2017 (20 CFR 404.1594(b)(1) and 416.994(b)(1)(i)).
>
> 7. The medical improvement is related to the ability to work because, by May 2, 2017, the claimant no longer had an impairment or combination of impairments that met or medically equaled the same listing(s) that was met at the time of the CPD (20 CFR 404.1594(c)(3)(i) and 416.994(b)(2)(iv)(A)).

////

8. Since May 2, 2017, the claimant's impairments has (sic) continued to be severe (20 CFR 404.1594(f)(6) and 416.994(b)(2)(5)(v)).

9. After careful consideration of the entire record, the undersigned finds that, beginning on May 2, 2017, the claimant has had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant was limited to standing and/or walking four hours out of an eight hour day; sitting for six hours out of an eight hour day; occasional postural activities except no climbing; and the claimant must avoid temperature extremes and all respiratory irritants.

10. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

11. On May 2, 2017, the claimant was a younger individual age 18-44 (20 CFR 404.1563 and 416.963).

12. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

13. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).

14. Since May 2, 2017, considering the claimant's age, education, work experience, and residual functional capacity, the claimant has been able to perform a significant number of jobs in the national economy (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

15. The claimant's disability ended on May 2, 2017, and the claimant has not become disabled again since that date (20 CFR 404.1594(f)(8) and 416.994(b)(5)(vii)).

(Id. at 25-31.)

On August 10, 2019, the Appeals Council denied plaintiff's request for review of the ALJ's July 20, 2018 decision. (Id. at 7-9.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on January 13, 2020. (ECF No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

3

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

## APPLICATION

Plaintiff's pending motion asserts the following three principal claims: (1) the ALJ's treatment of the medical opinion evidence constituted error; (2) the ALJ erred by finding that there were a significant number of jobs that plaintiff could perform; and (3) defendant's subsequent finding that plaintiff was disabled estops defendant's challenge to plaintiff's claim in this action.  (Pl.'s MSJ (ECF No. 11) at 6-13.[2])

**I.    Medical Opinion Evidence**

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).  "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830.  This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).[3]

Here, plaintiff challenges the ALJ's treatment of the opinions offered by Dr. Aaron Logan, a treating hematologist. (Pl.'s MSJ (ECF No. 11) at 6-9.) The ALJ discussed Dr. Logan's opinions, stating:

> Claimant's treating doctor, Aaron Logan, M.D., opined that the claimant should be limited to lifting and carrying less than 10 pounds occasionally; standing and/or walking less than 2 hours in an eight hour day because of joint pain and fatigue and that he is limited to standing or walking for less than 15 minutes at a time. Dr. Logan opined that the claimant is limited in pushing and pulling with his upper extremities and lower extremities. In his upper extremities, Dr. Logan limited the claimant to pushing and pulling less than 10 pounds and no keeling or squatting. Dr. Logan opined that the claimant should never climb, kneel, crouch, or crawl; and should only occasionally balance and stoop. Dr. Logan opined that the claimant can only occasional perform activities that require fingering and feeling. He opined that the claimant is limited in his ability to see and that his ability to maintain attention and concentration is affected by having a chronic illness for 15 years, difficulty sleeping, profound fatigue and vision problems. Dr. Logan opined that the claimant has limitations working around hazards, fumes, odors, chemicals and gases because he is at high risk for serious complications from injury; altered vision makes normal environments dangerous. Dr. Logan also opined that the claimant cannot respond appropriately to coworkers in a routine work setting; cannot respond appropriately to work situations; cannot deal with changes in a routine work setting; cannot maintain concentration and attention for extended periods in a routine work setting; cannot handle the normal work stress in a routine work setting; and cannot be expected to attend any employment on a sustained basis 8 hours a day, five days a week or an equivalent work schedule.

(Tr. at 29-30.)

---

[3] Defendant notes that on January 18, 2017, "the agency published final rules entitled 'Revisions to Rules Regarding the Evaluation of Medical Evidence,' effective as of March 27, 2017." (Def.'s MSJ (ECF No. 14) at 6.) Plaintiff's application, however, was filed prior to March 27, 2017. "For claims filed before March 27, 2017, but not decided until after that date . . . the rules listed in 20 C.F.R. §§ 404.1527(c), 416.927(c) apply." Edinger v. Saul, 432 F.Supp.3d 516, 530 (E.D. Pa. 2020)

The ALJ elected to afford Dr. Logan's opinions "no weight," asserting that they were "not consistent with medical records," showing that plaintiff's GHVD was "stable," the plaintiff's report of "few problems related to this condition," and the lack of any evidence of treatment for plaintiff's impairments related to attention, concentration, or difficulty handling stress. (Tr. at 30.)

When an ALJ elects to afford the opinion of a treating physician less than controlling weight, the opinion must be "weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician." Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017) (citing 20 C.F.R. § 404.1527(c)(2)-(6)).  The ALJ's failure to discuss these factors "alone constitutes reversible legal error." (Id. at 676.)  Here, Dr. Logan was a treating physician. See Revels v. Berryhill, 874 F.3d 648, 664 (9th Cir. 2017) ("When a treating provider's opinion is not entitled to 'controlling weight' because of substantial contradictory evidence, that opinion is still 'entitled to deference' based on factors such as the length and nature of the treatment relationship.").

Moreover, Dr. Logan is a Hematologist.  The opinions of a medical specialist regarding the specialist's area of expertise "are given more weight than the opinions of a nonspecialist." Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); see also Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) ("Each rheumatologist's opinion is given greater weight than those of the other physicians because it is an opinion of a specialist about medical issues related to his or her area of specialty.").

The ALJ supported the decision to reject Dr. Logan's opinions by citing simply to two progress notes from Dr. Jorge Perez—one from June 25, 2015, and the other from July 31, 2017—which the ALJ found supported the finding that plaintiff's GHVD was stable and caused "very few problems."  (Tr. at 30, 484, 668.)

Dr. Logan's opinions, however, were rendered in May of 2018. (Id. at 948-54.)  And those opinions specifically relied on Dr. Logan's "progress notes w/ clinical findings." (Id. at 952.)  Dr. Logan's May 2, 2017 progress note reflects that he found that plaintiff's GVHD was

"still active and involves his mouth, skin, nails, joints, esophagus, eyes, and likely lungs." (Id. at 941.)  In an August 15, 2017 progress note Dr. Logan found that plaintiff suffered from "Chronic extensive graft versus host disease involving lungs, mouth, eyes, GI tract, skin, joints." (Id. at 940.)  Moreover, plaintiff appeared "distracted" with "poor eye contact engagement," indicated that he was anxious, and Dr. Logan urged plaintiff "to consider seeing a psychiatrist or psychologist locally ASAP." (Id.)  A February 13, 2018, progress note found plaintiff to have "very dry mucous membranes," with "Buccal fibrosis[.]" (Id. at 928.)  be

Finally, the ALJ concluded by stating, "The undersigned assigns more weight to Dr. Amusa's opinion" without any further explanation. (Id. at 30.)  "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation omitted).

Accordingly, for the reasons stated above, the court finds that the ALJ's decision to reject Dr. Logan's opinions was erroneous and not supported by substantial evidence.

**CONCLUSION**

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'"[4]  Trevizo, 871 F.3d at 682 (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)).  A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly

---

[4] Having identified errors requiring remand and upon review of the record the court finds it unnecessary to reach plaintiff's remaining claims of error.  See Janovich v. Colvin, No. 2:13-cv-0096 DAD, 2014 WL 4370673, at *7 (E.D. Cal. Sept. 2, 2014) ("In light of the analysis and conclusions set forth above, the court need not address plaintiff's remaining claims of error."); Manning v. Colvin, No. CV 13-4853 DFM, 2014 WL 2002213, at *2 (C.D. Cal. May 15, 2014) ("Because the Court finds that the decision of the ALJ must be reversed on the basis of the stooping limitation, the Court need not address Plaintiff's remaining contentions.").

discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020.

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, although the ALJ's treatment of Dr. Logan's opinions was erroneous the court cannot say that further administrative proceedings would serve no useful purpose. This matter, therefore, will be remanded for further proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 11) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 14) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: March 9, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\chessani0082.ord

8